**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERTO IFILL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 05-2320 (RWR)** |
| | ) |
| **JOHN E. POTTER,** | ) |
| **Postmaster General,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S CONSOLIDATED MOTION TO DISMISS OR TRANSFER VENUE**

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), Defendant John E. Potter, Postmaster

General ("Defendant"), through counsel, hereby moves to dismiss or transfer venue with respect

to Civil Action 05-2320 (RWR).  In support of this motion, Defendant respectfully refers the

Court to the attached memorandum of points and authorities.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
PETER D. BLUMBERG, D.C. Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-7157

Dated: March 20, 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERTO IFILL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 05-2320 (RWR)** |
| | ) |
| **JOHN E. POTTER,** | ) |
| **Postmaster General,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S CONSOLIDATED MOTION TO DISMISS OR TRANSFER VENUE**

Defendant John E. Potter, Postmaster General ("Defendant"), through counsel,

respectfully submits this memorandum of law in support of his motion to dismiss or transfer

venue.

**I. INTRODUCTION**

At all time relevant to this case, plaintiff Roberto Ifill worked at a branch of the United

States Postal Service located in Merrifield, Virginia. See Complaint ("Comp.") at ¶ 2, 12.

Plaintiff is of hispanic race and identifies his color as black. See id. at ¶ 19. In Count I of this

Complaint, Mr. Ifill alleges that he was sexually harrassed by his immediate supervisor. See id.

at ¶ 21; see also id. at ¶ 22-28 (describing the conduct that comprises the sexual harassment

claim). In Count II, plaintiff claims that he was singled out for disciplinary treatment after he

informed his supervisor that her conduct was unwelcome. Specifically, he challenges a pre-

discipline interview ("PBI") for failure to wear his ID badge; being singled out for bringing his

personal effects onto the mailroom floor; and his supervisor improperly marking his time card.

See id. at ¶¶ 34-45.

## II.  ARGUMENT

Pursuant to 42 U.S.C. § 2000e-16(d), Title VII actions against the federal government are controlled  by a special venue provision, 42 U.S.C. § 2000e-5(f)(3).  Thus, 28 U.S.C. § 1391(e), the general venue statute applicable where the defendant is an officer or employee of the United States, does not provide a separate basis for venue.  See 28 U.S.C. § 1391(e) (provision applicable "except as otherwise provided by law"); see also Johnson v.  Payless Drug Stores Northwest, Inc., 950 F.2d 586, 587 (9th Cir. 1991).  Accord Spencer v.  Rumsfeld, 209 F. Supp. 2d 15, 17 (D.D.C. 2002).

42 U.S.C. § 2000e-5(f)(3) provides as follows:

> [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

As the Court explained in Spencer, Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination, and the venue determination must be based on a "commonsense appraisal" of how the events in question arose.  See Spencer, 209 F. Supp. 2d. at 17-19.  See also Stebbins v. State Farm Mutual Auto., Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969); Hayes v. RCA Service Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

With respect Mr. Ifill's Complaint, none of the three venue options described in 42

U.S.C. § 2000e-5(f)(3) permit venue in the District of Columbia.  First, all of the employment

actions about which Plaintiff took place complains while his duty station was in Merrifield,

Virginia, which lies in the area encompassed by the Eastern District of Virginia.  See Comp. at ¶

2, 12; see also Declaration of Frances Sandoval ("Sandoval Dec.") at ¶ 2 (Defendant's Exhibit 1).

Mr. Ifill does not allege that a single discriminatory or retaliatory employment action was taken

against him in the District of Columbia.  Second, as shown in the Declaration of Frances

Sandoval appended hereto, plaintiff's employment records are also maintained in Virginia.

See Sandoval Dec. at ¶ 2.  Third, Plaintiff makes no allegation that absent some discriminatory or

retaliatory act he would have been employed in the District of Columbia.  Thus, with respect to

Plaintiff's Title VII claims, venue is not proper in the District of Columbia.  Venue would be

proper only in the Eastern District of Virginia, which is the district "concerned with the alleged

discrimination."  Stebbins, 413 F.2d at 1102.

     Plaintiff claims that venue is proper in this judicial district because the Postal Service's

headquarters is located in the District of Columbia.  See Comp. at ¶ 9.  As this Court has recently

concluded in another case in which a plaintiff looked to the location of USPS headquarters to

establish venue:

> Even a cursory review of 42 U.S.C. § 2000e-5(f)(3) reveals that Congress did not
> intend this; the statute expressly limits the use of the principal office for
> establishing venue to only situations where a defendant may not be found within
> the judicial district that is the locus of the alleged discrimination. Darby v.
> Department of Energy, 231 F. Supp.2d 274 278 (D.D.C. 2002). In Darby, this
> court rejected the contention that the principal office location alone may be
> sufficient for establishing venue where the defendant may be sued elsewhere. Id.
> at 278 n. 2 (noting that "[t]he Title VII statue does not authorize venue based on
> the location where management control is exercised").  The plaintiff fails to assert
> that venue is improper in the District of Maryland. Absent proof that the plaintiff
> could not attain jurisdiction over the defendant in the District of Maryland, the

locus of the alleged discrimination, venue in this court remains improper.

Robinson v. Potter, 2005 WL 1151429 (D.D.C. May 16, 2005).

When an action is filed in an improper venue, the Court must either transfer it to a proper

venue or dismiss it outright.  As provided in 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong
> division or district *shall* dismiss, or if it be in the interest of justice, transfer such
> case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added).  The decision whether to transfer or dismiss a case that

has been filed in an improper jurisdiction rests in the sound discretion of the district court.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988); Naartex Consulting Corp. v.

Watt, 722 F. 2d 779 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984) (citing Wright, Miller

& Cooper, Federal Practice & Procedure § 3827 at 170 (1976)).  In Title VII cases, the district

court has the same discretion to dismiss rather than transfer such a case.  Hayes, 546 F. Supp. at

665; Washington v. General Elec. Corp., 686 F. Supp. 361 (D.D.C. 1988).

Because venue is not proper in the District of Columbia, plaintiff's Title VII claims must

either be dismissed and re-filed in the Eastern District of Virginia, or transferred there.

### III.  CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the above captioned

matter be dismissed for improper venue or, in the alternative, transferred to the District Court for

the Eastern District of Virginia.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

-4-

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
PETER D. BLUMBERG, D.C. Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-7157

Dated:  March 20, 2006