UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                         )
ROBERTO IFILL,           )
                         )
        Plaintiff,       )
                         )
        v.               )    Civil Action No. 05-2320 (RWR)
                         )
JOHN E. POTTER,          )
                         )
        Defendant.       )
_____)
```

### MEMORANDUM OPINION AND ORDER

Plaintiff Roberto Ifill brought an action against John E. Potter, Postmaster General of the United States, for sexual harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.  Potter filed a motion to dismiss, or in the alternative to transfer the case for improper venue.  Because venue is properly vested in the Eastern District of Virginia, Potter's motion to dismiss will be denied and his motion to transfer will be granted.

### BACKGROUND

Ifill's complaint sets forth the following allegations. Ifill has been an employee of the United States Postal Service ("USPS") for over 21 years.  At the time of the incidents of which he complains, he worked as a distribution clerk for the USPS' branch in Merrifield, Virginia.  In 2001, his immediate supervisor, Karen Robinson, began sexually harassing him.  She

- 2 -

made written and verbal comments and engaged in physical behavior that was romantically provocative and unwelcome.

After Ifill informed Robinson that her sexual advances were unwelcome, she retaliated by singling him out for pre-discipline interviews for failure to wear his badge, for wearing his jacket when he had to go outside, and for bringing his personal belongings into the mail room.  On several occasions, Robinson improperly marked Ifill's time record as late before he had arrived at work or refused to give him his time card, forcing Ifill to work without pay.  Ifill's workplace became a stressful and hostile environment in which he could not function normally due to Robinson's humiliation and sexual harassment.  Ifill was eventually transferred out of the automation department, where Robinson had been his supervisor, to another location.  Ifill complains that Robinson was neither reprimanded nor transferred and that he should have been protected for lodging his complaints against her.

Ifill brought this action and Potter moved to dismiss, or in the alternative, to transfer the case to the Eastern District of Virginia, arguing that venue is not proper in this district.

## DISCUSSION

If a case is filed in the wrong judicial district, a federal court in that district must dismiss the case or "if it be in the interest of justice, transfer such case to any district or

- 3 -

division in which it could have been brought." 28 U.S.C. § 1406(a). Generally, the "interest of justice" directive allows courts to transfer cases to the appropriate judicial district rather than dismiss them. James v. Booz-Allen Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)).

Ifill opposes dismissal, but properly concedes that venue would lie in the Eastern District of Virginia for his Title VII claims. Under 42 U.S.C. § 2000e-16(d), Title VII actions against the federal government[1] are governed by 42 U.S.C. § 2000e-5(f)(3). Jyachosky v. Winter, No. 04-1733, 2006 U.S. Dist. LEXIS 44399, at *4-5 (D.D.C. June 29, 2006) ("The appropriate standard for determining venue in Title VII cases is . . . the venue provision contained in 42 U.S.C. § 2000e-5(f)(3)"). According to the statute, venue is proper in any of three judicial districts: (1) where the unlawful employment practice is alleged to have been committed; (2) where the employment records relevant to such a practice are maintained and administered; or (3) where the

---

[1] Although Congress has given the United States Postal Service the "status of a private commercial enterprise" for certain types of claims, Loeffler v. Frank, 486 U.S. 549 (1988) (internal citation omitted), for venue purposes, the Postal Service is treated the same as all other branches of the federal government. The Postal Reorganization Act states "[u]nless otherwise provided in this title, the provisions of title 28 relating to . . . venue . . . in suits in which the United States, its officers, or employees are parties . . . shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties." 39 U.S.C. § 409(b).

- 4 -

aggrieved person would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(f)(3).[2]

In this case, the Eastern District of Virginia is the proper district under each of the three Title VII grounds for venue. When determining where an alleged unlawful employment practice was committed, "the Court must look to the place where the decisions and actions concerning the employment practices occurred."  Hayes v. RCA Serv. Co., 546 F. Supp. 661, 663 (D.D.C. 1982).  See Gordon v. Gutierrez, No. 05-1926, 2006 U.S. Dist. LEXIS 45753, at *3-4 (D.D.C. June 29, 2006) ("There is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination.").  It is undisputed that the alleged sexual harassment and unlawful employment practices occurred in one of USPS's branch locations in the Eastern District of Virginia. (Compl. ¶ 2; Def.'s Mot. to Dismiss, Ex. 1.)[3]  Ifill does not dispute that master personal records relevant to his transfer are

---

[2]   Only "if the respondent is not found within any such district [may] such an action . . . be brought within the judicial district in which the respondent has his principal office."  42 U.S.C. § 2000e-5(f)(3).

[3]   Ifill's complaint asserts that since the USPS is headquartered in the District of Columbia, venue lies in this jurisdiction.  However, even if USPS headquarters officials failed to supervise Robinson or made a decision regarding Ifill's transfer, "the fact that acts or omissions may be construed to be determinations of the USPS headquarters is insufficient to establish venue."  Robinson v. Potter, No. 04-890, 2005 U.S. Dist. LEXIS 9491, at *12 (D.D.C. May 2, 2005).

- 5 -

"maintained and administered" in Virginia, rather than in Washington, D.C. (Def.'s Mot. to Dismiss, Ex. 1.) Ifill's principal place of employment is in Virginia, and but for Ifill's transfer, he would have continued to work in the automation department in USPS' Merrifield branch. It is appropriate, then, to transfer plaintiff's Title VII claims.

In addition to bringing his claims under Title VII, however, Ifill has also brought his claims under 42 U.S.C. § 1981. "Where a case involves more than one cause of action, venue must be proper as to each claim." Relf v. Gasch, 511 F.2d 804, 807 n.12 (D.C. Cir. 1975), *cert. denied*, 434 U.S. 827 (1977); see Lamont v. Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978). Under one approach to a multiple claim action, if one of the claims can be considered the primary one, then the claims must be brought where venue is proper for that principal cause of action particularly "if the principal cause of action is governed by a narrower venue provision than the secondary cause of action." Hayes, 546 F. Supp. at 664. Hayes viewed Title VII as the principal cause of action for venue purposes in employment discrimination cases both because Congress specifically intended Title VII to govern employment discrimination issues, unlike 42 U.S.C. § 1981 which involves broader contractual rights, and because it has a more limited venue provision. Hayes concluded that "[i]n view of this, it is reasonable to conclude that, in the employment

- 6 -

discrimination context, Title VII should be considered a principal cause of action whenever it is joined with a cause of action under 42 U.S.C. § 1981." Id. at 665.[4] Whether or not Hayes was properly decided, transfer of the § 1981 claims is warranted. Both parties have asked for the transfer and thus have waived any challenge to venue in the Eastern District of Virginia over the § 1981 claims. Venue is not jurisdictional and like other affirmative defenses, claims of improper venue can be waived. See Barnstead Broad. Corp. v. Offshore Broad. Corp., 869 F. Supp. 35, 38 (D.D.C. 1994) (quoting Manchester Knitted Fashions v. Amalgamated Cotton Garment Fund, 967 F.2d 688, 692 (1st Cir. 1992)) ("An objection to . . . venue may be waived by 'submission [in a cause] through conduct.'").

## CONCLUSION AND ORDER

Ifill has not established that venue in the District of Columbia is proper. Because venue in the Eastern District of Virginia would be proper for the Title VII claims, and the parties have waived any challenge to venue there for the § 1981 claims, it is in the interest of justice to transfer this case

---

[4] The D.C. Circuit has not endorsed Hayes' principle that "there is a fundamental policy consideration which compels recognition of Title VII as the principal cause of action and 42 U.S.C. § 1981 as only secondary." Hayes v. RCA Serv. Co., 546 F. Supp. 661, 665 (D.D.C. 1982). See Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364, 367 (D.C. Cir. 1985) (per curiam opinion) ("We express no opinion on this question . . . ."); id. at 369 (Edwards, J., concurring) ("Even if the holding in Hayes could be considered the law of this circuit, which it is not . . . .").

- 7 -

under 28 U.S.C. § 1406(a) to the Eastern District of Virginia. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss this case be, and hereby is, DENIED.  It is further

ORDERED that defendant's motion to transfer this case to the United States District Court for the Eastern District of Virginia be, and hereby is, GRANTED.  The Clerk is directed to transmit the docket and file in this case, along with a copy of this Order, to the United States District Court for the Eastern District of Virginia.

SIGNED this 16th day of November, 2006.

                         /s/
            RICHARD W. ROBERTS
            United States District Judge